Inés Parrilla, Plaintiff and Appellant, *v.* Loíza Sugar Company, Defendant and Appellee.

No. 6697. Argued November 18, 1935.—Decided February 20, 1936.

*Carlos D. Vázquez* for appellant. *Jaime Sifre, Jr., Horacio Franceschi,* and *Antonio J. Matta* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The district court sustained defendant's motion to strike a part of the original complaint. Later it sustained defendant's motion to strike a part of an amended complaint. Finally it sustained a demurrer to the second amended complaint and dismissed the action. Plaintiff appealed from the judgment of dismissal and included in the judgment roll copies of the two motions and of the two orders. Appellee now moves to strike the copies of these motions and orders from the judgment roll. Appellant insists that the motions and orders are properly a part of the judgment roll but

requests that, in case appellee's motion should be sustained, leave be granted to bring up the motions and orders in a bill of exceptions.

■■ Motions to strike pleadings in whole or in part, unless such motions be in the nature of a demurrer, and orders that such pleadings or parts thereof be stricken are not included among the papers which the clerk "must attach together and file" immediately after judgment in order to form the judgment roll as defined by section 233 of the Code of Civil Procedure. In accordance with a law enacted two years after the adoption of the Code of Civil Procedure, not only the pleadings but all motions, orders, and other papers properly a part of the record in the district court are now compiled, sewed together in cronological order so as to form, when completed, a volume, consecutively paged and indexed, which is the official record in the district court. See Compiled Statutes 1911, sections 1645–1651. The clerk therefore is not now required to attach together and file after judgment the pleadings and papers specified in section 233, *supra*. Before the judgment is rendered those papers, with the exception of the judgment itself, have been already sewed together in cronological order and in book form with the papers thereof consecutively numbered. The law as it now stands does not demand that the clerk shall duplicate this work. When an appeal is perfected he merely transmits certified copies of the pleadings and papers necessary to constitute the record on appeal.

The record on appeal, however, is now substantially what it was prior to the enactment of the Law of 1906. That law did not make it necessary to bring up on appeal the entire record of the case in the district court, nor did it authorize such a radical departure from the former practice. See *A. Alvarez Bros.* v. *Alamo*, 36 P.R.R. 49. Nevertheless, the Law of 1906 gives additional flexibility to sections 233 and 299, when construed in connection with section 213 of the Code of Civil Procedure.

588

■■ By the express terms of section 213 an order striking out a pleading or a portion thereof "shall be deemed to have been excepted to; and such exception . . . where such an order or decision and the papers upon which it is made are a part of the records and files in the action, need not, unless desired by the parties objecting thereto, be embodied in the bill of exceptions, but the same, appearing in the records or files, may be reviewed upon appeal as though settled in such bill of exceptions."

The reference to "the" bill of exceptions presupposes the existence of a bill of exceptions, but provides that even where there is a bill of exceptions the exception, which by law is deemed to have been taken, need not be embodied nor settled therein where the order excepted to and the papers upon which it was made "are a part of the records and files in the action." When other exceptions have been taken during the course of the trial and a bill of exceptions is necessary in order to settle these exceptions and to make them and the orders or rulings excepted to a part of the judgment roll, perhaps the better practice would be to include in such bill of exceptions the order and the papers on which such order was made, referred to in section 213. In any event, the appellant, at his option, may prepare and submit a bill of exceptions for the purpose of bringing up the orders referred to in section 213 and the papers upon which such orders were made. We are not prepared to say that he must do this notwithstanding the provisions of section 213 and the provisions of the Law of 1906, merely because section 233 did not specify the orders and papers referred to in section 213 among those which the clerk was required "to attach together and file" in order to constitute the judgment roll.

The primary purpose of a bill of exceptions, as indicated by section 299, is to set forth and settle "the exceptions taken during the course of the proceedings." Where the only exceptions involved are exceptions deemed by law to have been taken, and where the law expressly provides that such

exceptions need not be settled nor included in any bill of exceptions and further provides that the orders to which exceptions are deemed to have been taken may be reviewed by this court (when the same form a part of the records and files in the action) such orders and papers (at least since the enactment of the Law of 1906) should be regarded as a part of the judgment roll within the meaning of that term as used in section 299. In such circumstances, and especially when, as in the case at bar, the judgment roll is certified by the attorneys of the parties, a bill of exceptions (unless demanded by an unnecessarily narrow interpretation of sections 233 and 299) would not serve any useful purpose, would impose upon appellant the performance of a superfluous task and would cause unnecessary delay and expense in the prosecution of the appeal. If in the instant case, for example, we were constrained to strike from the judgment roll the motions and orders in question, we would, of course, grant appellant's motions for leave to bring up such orders and motions by a bill of exceptions. When so brought up those orders and motions would be laid before us by a bill of exceptions instead of, as now, by the judgment roll. Otherwise the situation would be unchanged. We would still be confronted by the same questions already raised by appellant in his brief and our decision of those questions would be exactly what it would have been and will be without the aid of the bill of exceptions. Sections 233 and 299 should not be so construed as to require the doing of an otiose thing.

In accordance with the spirit, if not the letter, of section 1 of "An act establishing the Supreme Court of Porto Rico as a court of appeals," approved March 12, 1903 (Comp. Stat. 1911, section 1141), the controlling factor in disposing of doubtful, comparatively unimportant and technical questions of practice should be a definite purpose "to promote justice and right and to prevent injustice and delay."

The motion will be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.